## In Re WINBORNE.
## SNYDER, State Treasurer v. McCRACKEN*.
### (No. 1340; Feb. 23, 1926; 244 Pac. 135.)

COURTS—COURT REPORTERS—MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—"CONTINGENT EXPENSE"—INDUSTRIAL ACCIDENT FUND—STATUTES—CONSTITUTIONAL LAW.

1. Legislature may impose on official court reporter as an officer of the court receiving a specified salary, plus certain fees, the duty of making transcripts in appeals under the Workmen's Compensation Act free of cost.

2. The cost of transcript made by official court reporter in an appeal under the Workmen's Compensation Act, which by section 4328 is not chargeable to either employer or injured employee, is not a contingent expense within meaning of section 4330, as amended by Laws 1921, c. 65, incurred in administration of act, and hence is not payable out of the industrial accident fund; "administer" refers to performance of ministerial acts rather than to steps taken to enforce or resist enforcement of the law.

3. Comp. St. 1920, § 4330, as amended by Laws 1921, c. 65, providing that contingent expenses incurred in administration of the act shall be paid out of the industrial accident fund, refers to expenses in the administration of the various departments of the state, and does not refer to expenses incurred in trials and appeals under the Workmen's Compensation Act.

4. Interest earned by loaning of surplus from industrial accident fund, as authorized by Comp. St. 1920, § 4330, as amended by Laws 1921, c. 65, belongs to the employer in proportion to amount of principal paid in by him under section 4331, as amended by Laws 1925, c. 124, § 3, and whether it is sufficient or not to pay for transcript for court reporter in appeal under the Workmen's Compensation Act, the payment of such transcript would be made out of a fund belonging to employers in violation of section 4328 providing that neither employer or employee shall be charged with making of transcript.

5.  Laws 1921, c. 102, § 2, amending Comp. St. 1920, § 1172, by permitting court reporter to retain fees for making transcripts, does not repeal Workmen's Compensation Act (Comp. St. 1920, § 4328), requiring transcripts in compensation cases to be furnished without cost to employer or employee, latter section having been specially excepted from section 1172, and no intention shown to abolish exception.

6.  Repeal of statutory provisions by implication is not favored.

7.  Matters of policy regarding payment of court reporters for transcripts in appeals under Workmen's Compensation Act are for the Legislature if consistent with the Constitution, not for the court.

*NOTE—See Headnotes (1) 15 CJ p. 873 n. 22, 23 (2) Workmen's Compensation Acts CJ pp. 131 n. 66; 145 n. 57 New (3) 1 CJ p. 1239 n. 62. Workmen's Compensation Acts CJ p. 145 n. 57 New (4) Workmen's Compensation Acts CJ p. 145 n. 57 New (5) Workmen's Compensation Acts CJ p. 131 n. 66 (6) 36 Cyc p. 1071 n. 25 (7) 12 CJ pp. 887 n. 38; 891 n. 74 New.

ERROR to District Court, Natrona County; BRYANT S. CROMER, Judge.

In the matter of the claim of E. B. Winborne for compensation as employee of the Fargo Western Oil Company. An order of the district court allowed compensation to Harry McCraken, official court reporter, to be paid out of the Industrial Accident Fund, for a transcript of proceedings in the case appealed under the Workmen's Compensation Law, and John M. Snyder, as State Treasurer, brings error.

*David J. Howell*, Attorney General, and *Ray E. Lee*, Special Assistant Attorney General, for plaintiff in error.

Workmen's Compensation Law requires the official court reporter to attend hearings and report the evidence; 4327 C. S. Also to supply transcripts for appeals; 4328 C. S. The compensation law, having made provision for the payment of specific costs, it also apparently intended that

no other costs would be paid from the fund, since the question of costs is purely statutory. Irrigation Co. v. La Porte, 26 Wyo. 522-528; 15 C. J. 21; Nelson v. Industrial Insurance Dept. (Wash.) 176 Pac. 15. The State Treasurer is not liable for the costs in question.

*Nichols* and *Stirrett* for defendant in error.

Compensation of court reporters is provided for by Sec. 1172 C. S., as amended by Ch. 102, laws 1921; transcripts being prepared as a rule on the reporter's own time, it was the intention of this amendment that fees for transcripts should be retained by court reporters; this applies to all transcripts; 4330 C. S., as amended by Ch. 65, laws of 1921, provides for the payment from the "Accident Fund" of "contingent expenses" incurred in the administration of the compensation law. Section 4331, C. S., as amended by Chap. 124, laws 1925, defines the purpose of the provision charging the accounts of employers in the Industrial Accident Fund, to be the encouragement of care in prevention of accidents; fees of reporters are expenses and not costs, under the terms of the act. Administrative expenses are to be distinguished from costs. If the verdict be against the employer in contested claims, the costs are chargeable to his account. If the claim be denied, the costs of the proceedings are chargeable to the Accident Fund as administrative expense. The act does not provide that transcripts shall be furnished without cost. The statute gives the State Treasurer a right to appeal, even though he was not made a party to the proceedings in the District Court. The Treasurer incurs no personal liability.

*Per Curiam.*

The question in this case is as to whether or not an official court reporter is entitled to charge for a transcript of the proceedings made by him in a case appealed under the Workmen's Compensation Act. The District Court

allowed such charge in the case at bar in the sum of $56.25, and ordered the same paid out of the Industrial Accident Fund. From such order the State Treasurer has appealed.

It is conceded by both parties herein that unless an express provision may be found in the statutes of this state, authorizing the payment aforesaid, the court's order was erroneous. The official court reporter is an officer under the laws of this state and receives an annual salary of $2400, in addition to certain fees provided by law, and it is not denied that the legislature might lawfully impose upon him the duty of making such transcripts free of cost. The question is whether that had been done.

Section 4328, W. C. S. 1920, a part of the Workmen's Compensation Law, provides as follows:

"In case an appeal to the supreme court is prosecuted on behalf of the injured workman, the county and prosecuting attorney or other attorney, representing said workman shall order a transcript of the record of the hearing and proceeding to be prepared by the official court reporter of the district wherein said injury occurred, and duly certified *without cost to said injured workman.* * * * In case an appeal be prosecuted on behalf of the employer, the record of the proceedings at the original hearing shall be supplied *without cost to such employer.*"

The foregoing provisions are plain and unequivocal, and under them the cost of a transcript can be charged neither to the injured workman nor to the employer. It is contended, however, that such cost is a contingent expense within the meaning of section 4330, W. C. S. 1920 (amended by c. 65, Sess. L. 1921), which provides that "all contingent expenses incurred in preparing for and in the administration of this act shall be paid from the Industrial Accident Fund." But to "administer" the law, as here mentioned, seems to refer to the performance of minis-

terial acts, rather than to any steps taken to enforce, or resist the enforcement of, the law, and it would seem clear that an appeal to the supreme court, in connection with which a transcript of the proceedings in the trial court is required, is one of those steps. For many years the legislature has used the term "contingent expenses" in providing for the maintenance of the various offices in this state, intended to cover the different expenses in the administration of the various departments, and it is in this sense, we think, that the term was used in the section last quoted. The legislature, in the Workmen's Compensation Act, specifically provided for witnesses, jurors, medical and surgical supplies, and costs of investigation. The expenses in that connection are specifically provided to be paid out of the Industrial Accident Fund. Appeals to the Supreme Court were contemplated and provided for, and were undoubtedly considered certain to occur. The legislature had in mind the furnishing of transcripts in connection therewith, just as much as it had in mind the expense of witneses, jurors, etc., but instead of providing for payment therefor out of the fund aforesaid, it provided that nothing should be paid therefor either by the injured workmen or the employer. It would seem clear, in view of these facts, that if the legislature, after prohibiting payment for such transcripts from one source, it would have made specific provision for payment from some other source, if that had been intended, instead of leaving it under the head of "contingent" expenses, as claimed by respondent. And further, to charge the cost of a transcript against said fund would, we think, at least by indirection, do what is prohibited to be done directly. The fund is maintained by payments made by employers, in proportion to the money earned by his employees. There is no fund from which the expenses in question may be paid except that built up and maintained by them, unless it be the interest which may be derived from temporarily

loaning any surplus on hand, as is authorized to be done under section 4330, W. C. S. 1920; but such interest derived from the funds paid by the employers, equitably belongs to them for the purposes of the act, in proportion to the amount of the principal paid in by them, as much so as the principal itself, and is held by the state merely as trustee for the benefit of both employers and employees. The state keeps a separate account with each employer, and the latter must keep up his·payments until the contributions made by him equal two per cent of his annual payroll, or at least $3,000. Sec. 4331, W. C. S. 1920. Any payments made for cost of transcripts out of said fund must necessarily reduce it by that much, and must be charged directly against the separate fund of the employer, unless, perchance, the interest fund should be sufficient out of which to pay it, which it is not, and which in fact, as shown by the public records, is barely sufficient to pay the true "administrative" expense of the workmen's compensation department in the office of the State Treasurer. But if such interest fund were sufficient to pay the expenses of transcripts, even then, as hereinbefore indicated, the payment thereof would, in truth and in fact, be paid out of a fund belonging to employers, and thus indirectly accomplish what the law prohibits to be done directly.

The claim is made, however, that the provisions of section 4328, supra, enacted in 1915, requiring such transcripts to be furnished without cost, were repealed by chapter 102, Session Laws 1921. That chapter amends and reenacts some of the laws relating to the duties of the official court reporters and of the fees to be charged by them. Among the laws amended and reenacted is section 1172, W. C. S. 1920. The first part of that section relates to the "per diem" to be charged. The latter part of this section relates to fees, and prior to the amendment of 1921, read as follows:

"Such reporter shall charge the sum of fifteen cents per folio, of one hundred words, for all transcripts, records, bills of exception, and other papers required to be made and issued by him or her as such official reporter, and the sum of five cents per folio, of one hundred words, for each carbon copy of the same, to be collected before the delivery of the work, all of which fees and earnings shall be paid into the state treasury on the first Monday of each month after the service has been performed, and such stenographer shall be liable upon his official bond for the proper collection and paying over of such fees."

The amended act, in the particular mentioned, reads as follows:

"Such reporter may charge the sum of fifteen cents per folio of one hundred words, for all transcripts, records, bills of exception and other papers required to be made and issued by him as such official reporter and the sum of five cents per folio of one hundred words, for each carbon copy, and he may require payment therefor upon delivery of such transcript, record, bill of exceptions, or other instrument."

The only change, accordingly, made in the latter part of this section, is that the fees theretofore paid into the State Treasury should be retained by the reporter as part of his compensation. We are unable to see where this change in any way evinces a purpose to repeal the special provision heretofore referred to, contained in section 4328, supra. If a repeal thereof was effected, it is by implication, and the rule is too well known to require citation of authorities, that repeals by implication are not favored. Section 4328, supra, when enacted in 1915, excepted from the requirements of the then section 1172, in regard to the charge for fees, cases in which transcripts of proceedings are furnished in connection with appeals to the Su-

preme Court under the Workmen's Compensation Act. No intention is manifested in the amended section 1172, that this exception should be abolished. The aim of the amendment to that section in 1921, was, as heretofore stated, to permit reporters to retain such fees instead of paying them to the State Treasury. Nothing else appears to have been intended. Hence the fees authorized to be charged by the reporter under the amended section 1172, must be held to be the fees then lawfully authorized to be charged, and cannot be held to authorize the charging of fees in specially excepted cases.

It may be that it is a hardship upon official court reporters to require them to furnish the transcripts in question without being able to charge therefor, particularly in view of the fact that the work in connection therewith must frequently be done at night time. It may, indeed, be that it is not good public policy to make such requirement. We should in fact, individually, have been much better pleased, if we could have held, consistent with our duty, that a charge therefor is authorized. But matters of policy are for the legislature, if consistent with the constitution.

The judgment of the district court herein must accordingly be reversed with direction to vacate and annul the order made herein.

*Reversed.*